## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| v. | * | CRIMINAL NO. JKB-20-0176 |
| ANGEL GABRIEL ARROYO-<br>ANGELINO | * | |
| Defendant. | * | |

\*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*       \*

## MEMORANDUM AND ORDER

On March 29, 2022, the Court held a Motions Hearing in this matter. At that Hearing, Defendant presented five Motions (ECF Nos. 35, 36, 37, 38, 42) that were litigated and decided on the record in open court. The Court indicated that it would elaborate on its reasoning by written decision with respect to two of those Motions. (ECF Nos. 37, 42.) For the reasons stated in open Court and set forth more fully below, Defendant's Motions to Suppress Statements (ECF No. 35), to Suppress Tangible and Derivative Evidence (ECF No. 37), to Dismiss the Indictment (ECF No. 38), and to Dismiss Count 37 (ECF No. 42) are DENIED and Defendant's Motion to Sever Count 37 (ECF No. 36) is GRANTED.

### I.   *Motion to Suppress Tangible and Derivative Evidence*

The primary dispute with relation to this Motion (ECF No. 37) is whether probable cause supported the issuance of the first of a number of related warrants. This initial warrant authorized the search of Facebook records related to Defendant's Facebook account where he went under the name "Elias Garcia."[1]   That account had received a video that contained suspected child

---

[1] The Court assumes, for purposes of this Motion, that the "Elias Garcia" Facebook account belongs to Defendant. Without this assumption, Defendant lacks standing to challenge the search of the Facebook account because "[a] person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence

1

pornography from another user, M.N. The Court concluded that this initial warrant was supported by probable cause, or, at a minimum, that the "good faith" exception established in *Leon* applied such that suppression was unwarranted. *See United States v. Leon*, 468 U.S. 897, 908 (1984). In particular, the Court rejected Defendant's arguments during the Hearing that the warrant was deficient because the affidavits in support of the warrant failed to establish probable cause that (1) the girl depicted in the video was under the age of sixteen such that the video was child pornography under Maryland law and (2) that Defendant knew that the girl depicted in the video was under the age of sixteen as required by Maryland Code Crim. Law § 11-208(a). The Court elaborates here why neither argument has merit.

### A. Age of Girl Depicted in the Video

Although a reviewing court "may look only at the evidence actually provided to the magistrate" in assessing probable cause, it "must credit any reasonable inferences that may be drawn therefrom." *United States v. Gary*, 420 F. Supp. 2d 470, 476 (E.D. Va. 2006) (citing *Illinois v. Gates*, 462 U.S. 213, 235 (1983)). Here, the inference that the girl depicted in the video sent from the M.N. Facebook account to the "Elias Garcia" Facebook account was a minor is reasonable based on the evidence presented to the judge who issued the warrant.

First, the affidavit stated that the Criminal Investigations Division had received "a cyber tip from ICAC – Internet Crimes Against Children .... in reference to the possession, manufacturing, and distribution of child pornography." (*See* ECF No. 37-3 at 5.) Second, that tip had included a "pornographic video [ ] of a young female masturbating" and "showed the female's body from her chest down. The female was unclothed from the waist down." (*Id.*) The video was

---

secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *United States v. Castellanos*, 716 F.3d 828, 833 (4th Cir. 2013) (quoting *Rakas v. Illinois*, 439 U.S. 128, 133–34 (1978)). Of course, Defendant's implicit concession of ownership for purposes of suppression does not foreclose his ability to deny ownership at trial. *See Simmons v. United States*, 390 U.S. 377, 394 (1968).

sent from an account identified as M.N. Third, the affidavit stated that, while the M.N. account provided a date of birth suggesting she was 20 years old, M.N. had been positively identified by a detective as M.B. and was, in fact, 15 years old. (*Id.*)

Last, the affidavit provided excerpts of the conversations between the Elias Garcia account and M.N. that supported the reasonable inference that M.N./M.B. was the girl depicted in the video. In particular, immediately after uploading the video, M.N. wrote to the Garcia account: "That's the best I could do I kept getting interrupted." (*Id.*) While Defendant's counsel suggested that this statement was ambiguous, the inference that M.N. had produced and uploaded the video is at least reasonable. *Gates*, 462 U.S. at 235.

Because the contraband nature of the video could be determined based on the facts in the warrant application and the reasonable inferences drawn therefrom, this case is not, as Defendant argued, analogous to *United States v. Doyle*, 650 F.3d 460 (4th Cir. 2011). There, the Fourth Circuit concluded that a warrant was insufficient where the affidavit merely stated that "one of the alleged victims 'disclosed to an Uncle that Doyle had shown the victim pictures of nude children.'" *Id.* at 472. The Fourth Circuit rejected the sufficiency of this statement because "there was no evidence that the pictures referenced by Jones actually constituted child pornography." *Id.* at 473. That conclusion was, however, premised on the fact that "[t]he mere presence of nudity in a photograph, even child nudity, does not constitute child pornography as that term is defined by Virginia law." *Id.* (citing Va. Code Ann. § 18.2-374.1(A) (2004)). Thus, the fatal flaw in *Doyle* was not that law enforcement failed to establish probable cause with respect to *age* but with respect to whether "the picture [contained] a 'lewd exhibition' of nudity." *Id.* There is no doubt that the video described in the instant affidavit establishes this latter requirement. And, for the reasons stated in open court and above, the Court concludes that the affidavit also provides sufficient facts

3

from which the reasonable inference could be drawn that the girl in the video was fifteen years old.

### B. *Defendant's Knowledge*

The Court also rejects Defendant's argument that the affidavit is invalid because it failed to establish probable cause that Defendant knew M.N. was fifteen years old. (*See* ECF No. 51 at 5–6.) This argument fails because Defendant's knowledge is simply irrelevant to the propriety of the search warrant in this case. Rather, "[p]robable cause to search 'exists where the known facts and circumstances are sufficient to warrant a man of reasonable prudence in the belief that *contraband or evidence of a crime*' will be found in a particular place." *Doyle*, 650 F.3d at 471 (quoting *Ornelas v. United States*, 517 U.S. 690, 696 (1996)) (emphasis added). "[C]hild pornography constitutes contraband or evidence of a crime." *See United States v. Bosyk*, 933 F.3d 319, 326 (4th Cir. 2019). Thus, the affidavit need only establish that "[child pornography] will be found in a particular place," here, the Facebook records. *Doyle*, 650 F.3d at 471; *see also Bosyk*, 933 F.3d at 326 ("[T]hat child pornography would be found on computers or other devices within [defendant's] property . . . is all that was needed for probable cause to search [defendant's] house."). For the reasons already stated above and in open court, the affidavit provided sufficient facts to establish probable cause as to this fact or, at a minimum, was not "so lacking in indicia of probable cause to render official belief in its existence entirely unreasonable [such that] exclusion is an appropriate remedy." *Doyle*, 650 F.3d at 463 (quoting *Leon*, 468 U.S. at 922–23).

### II.    *Motion to Dismiss Count 37*

The second Motion on which the Court elaborates is Defendant's Motion to Dismiss Count 37 of the Indictment. (ECF No. 42.) Count 37 charges Defendant with illegal reentry in violation of 8 U.S.C. § 1326(a) and 1326(b)(1). Defendant seeks dismissal of this Count on the grounds

4

that the deportation order underlying his deportation on January 9, 2014 was invalid. Such collateral attacks on prior deportation orders are limited by 8 U.S.C. § 1326(d), which requires a previously-deported alien to establish by a preponderance of the evidence that: "(1) the alien exhausted any administrative remedies that may have been available to seek relief against the order; (2) the deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and (3) the entry of the order was fundamentally unfair." *See also United States v. Segura-Virgen*, 390 F. Supp. 3d 681, 691 (E.D. Va. 2019). "Because these requirements are listed in the conjunctive, a defendant must satisfy all three in order to prevail." *United States v. El Shami*, 434 F.3d 659, 663 (4th Cir. 2005).

A brief review of the facts of Defendant's prior immigration proceedings (which are undisputed and set out more fully in the parties' briefs) establishes that Defendant has failed to meet his burden with respect to any of the three conjunctive requirements. The Court therefore denies this Motion.

### A. Background

Defendant appeared before an immigration judge ("IJ") on April 18, 2013, and was granted voluntary departure on or before August 16, 2013. (*See* ECF No. 44-6 at 1.) On August 12, 2013, Defendant's immigration lawyer wrote a letter to Gregory Collette, District Director for USCIS; Dottie Herrera Niles, Field Office Director for the Department of Homeland Security; and Lyle Bohlens, Assistant Field Office Director for Enforcement and Removal Operations.[2] (*See* ECF No. 44-7.) In that letter, he requested an extension of Defendant's voluntary departure period and stated that:

> At the time of the last master calendar hearing, Mr. Arroyo-Angelino asked [IJ] Williams for a continuance to [sic] that he could apply for Deferred Action for Childhood Arrivals (DACA). For reasons not understood by me, Judge Williams

---

[2] Bohlens' agency designation is not listed in the letter.

denied the request and instead stated that Mr. Arroyo-Angelino could take Voluntary Departure and then ask for an extension of the same if his DACA application was not approved by August 16, 2013. Unfortunately, Mr. Arroyo-Angelino's DACA application is still pending, and we respectfully request an extension of his Voluntary Departure period pursuant to 8 CFR Sec. 1240.26(f).

(*Id.* at 2.) The parties agree that there is no evidence of this exchange in the recordings of the April 18, 2013 IJ hearing. (ECF No. 47 at 64 n. 34; ECF No. 51 at 13; *see also* ECF No. 47-26 (recording of proceedings before the IJ).) Neither Defendant nor his attorney received a response to this letter.

### B. Analysis

Even if the evidence established the events recounted by Defendant's attorney in the August 12, 2013 letter, it would not permit a collateral attack on the deportation order.[3] Defendant should have known at the hearing that the IJ could not extend Defendant's voluntary departure period, as "[a]uthority to extend the time within which to depart voluntarily specified initially by an immigration judge or the Board is *only* within the jurisdiction of the district director, the Deputy Executive Associate Commissioner for Detention and Removal, or the Director of the Office of Juvenile Affairs." 8 C.F.R. § 1240.26(f) (emphasis added). At a minimum, Defendant knew this as of August 12, 2013, as his attorney cites 8 C.F.R.§ 1240.26(f) as the reason for the correspondence. Thus, Defendant's submission that "at the time the IJ's order became final and the appeal deadline passed, Mr. Arroyo-Angelino had no reason to appeal the decision [because

---

[3] Absent this letter, there is no evidence that Defendant sought any alternative disposition in the April 18, 2013 hearing, a hearing at which he waived his rights to appeal the IJ's Order. (*See* ECF No. 44-6 at 1.) Defendant's Motion plainly fails under this more straightforward fact pattern because "if [ ] an alien knowingly and voluntarily waives his right to appeal an order of deportation, then his failure to exhaust administrative remedies will bar collateral attack on the order." *United States v. Lopez*, 667 F. App'x 837, 838 (4th Cir. 2016) (per curiam).

6

he] had been assured that his voluntary departure period would be extended if his DACA application was still pending" is incorrect. (*See* ECF No. 42 at 6.)

Rather, the disposition before the IJ left Defendant only with the *possibility* of an extension at the discretion of specific government officials. *See* 8 C.F.R. § 1240.26(f). This disposition was hardly sufficient to resolve Defendant's averred concern of being forced to choose between voluntarily departing during the time allotted or remaining in the country while his DACA application was processed. (*See* ECF No. 42 at 7.) Thus, during the April hearing (or at a minimum by August 12, 2013), Defendant should have sought a more concrete guarantee that he could remain in the United States during the pendency of his DACA application—such as by seeking a continuance of the immigration proceedings. *See* 8 C.F.R. § 1003.29 ("The immigration judge may grant a motion for continuance for good cause shown . . . ."). Had the IJ denied such a motion, Defendant could have sought additional administrative or judicial review of that denial. *Cf. Granados-Mendes. v. Barr*, 753 F. App'x 529, 530 (9th Cir. 2019) (reviewing denial of a motion for a continuance during the pendency of a DACA motion). All of this could have occurred, or at least been initiated, prior to his voluntary departure period expiring (August 16, 2013) and the issuance of a warrant for his removal (August 21, 2013). (*See* ECF No. 44-8.)

Defendant's failure to pursue these avenues for a more definite guarantee that he could remain in the United State during the pendency of his DACA application forecloses his ability to establish all three prongs of 8 U.S.C. 1926(d). First, Defendant plainly did not exhaust administrative remedies which requires him to "us[e] all the steps that the agency holds out and do[] so properly." *Etienne v. Lynch*, 813 F.3d 135, 141 (4th Cir. 2015). Similarly, he cannot establish the second prong because "[w]here the defendant has failed to identify any obstacle that prevented him from obtaining judicial review of a deportation order, he is not entitled to such

7

review as part of a collateral attack under 8 U.S.C. § 1326(d)." *United States v. Gonzalez-Villalobos*, 724 F.3d 1125, 1132 (9th Cir. 2013). Last, to establish fundamental unfairness, "a defendant must show that (1) his due process rights were violated by defects in his underlying deportation proceedings and (2) he suffered prejudice as a result of the defects." *United States v. Lopez-Collazo*, 824 F.3d 453, 460 (4th Cir. 2016). For the reasons explained, Defendant has failed to establish any defect (much less one implicating due process) in the underlying hearing or explain how any putative defect created the prejudice he suffered when his voluntary departure period expired and he was ordered deported.

In short, Defendant accepted a disposition at the April hearing that took discretion away from the IJ and placed it with different federal officials. Those officials declined to exercise that discretion in a manner favorable to Defendant. Defendant did not seek further relief from the IJ until he was arrested nearly six months later. (*See* ECF Nos. 42 at 3, 44-10 (denying motion to reopen for "no good cause shown for reopening [and] no relief available in immigration court").) Defendant's failure to address the IJ's April 18, 2013 Order that resulted in his deportation through the administrative and judicial channels available at that time means he cannot now collaterally attack that order under 8 U.S.C. 1326(d). The Court therefore denied Defendant's Motion to Dismiss Count 37. (ECF No. 42.)

### III.   Conclusion

For the reasons stated in open court and explained further above, Defendant's Motion to Suppress Statements (ECF No. 35), to Suppress Tangible and Derivative Evidence (ECF No. 37), to Dismiss the Indictment on Speedy Trial Grounds (ECF No. 38), and to Dismiss Count 37 (ECF No. 42) are DENIED and Defendant's Motion to Sever Count 37 (ECF No. 36) is GRANTED.

8

DATED this 29 day of March, 2022.

BY THE COURT:

James K. Bredar
Chief Judge